POLEN, J.
This appeal arises from a final order denying appellant Christopher Jean-Marie’s motion to withdraw his plea and a final order imposing judgment, conviction, and a sentence of eight years in state prison for grand theft auto and aggravated fleeing. For the reasons articulated herein, we affirm.
Jean-Marie was charged by information with grand theft auto, aggravated fleeing, and driving without a valid driver’s license. He entered an open plea of no contest to the charges. The plea was freely, voluntarily, knowingly, and intelligently made. A PSI was ordered and Jean-Marie’s sentencing set for a later date.
Before sentencing, Jean-Marie filed a motion to withdraw his plea. The motion stated that he was charged with second-degree murder subsequent to entering a plea in the case at bar. He argued that, given the severe, life-long impact the murder case might have on him, the “ends of justice would be served” if, and only if, he has the ability to testify in his own defense at his murder trial without being a convicted felon.
After reviewing the details of Jean-Marie’s plea colloquy, the trial court found that there was no good cause for the withdrawal of his plea in this case. The court explained:
It was not affected by any misapprehension whatsoever. There was absolutely no undue persuasion. The defendant’s own testimony is directly contrary to that, as well as the court’s observations. There was no ignorance on the part of the defendant at the time he entered into the plea and plea agreement.
Everything was explained in extraordinary detail to him and acknowledged by him. It was entered not by one not competent to know its consequence, but on the contrary, by someone who was completely competent to know its consequence and to have every possible question responded to, if he had any.
And further, the court finds that there is nothing to indicate that the ends of justice would be served by the withdrawal of the plea. The court finds in fact that the ends of justice would best be served by not allowing the withdrawal of the plea.
The court further finds as to the new case, 05-11741, there’s been some allusion as to whether or not the defendant will be able to testify in that case. The defendant has available to him in 05-11741 all of the rights that he gave up in 05-1749. He still has all of those available to him in 05-11741, including the right to remain silent or to testify, if he so chooses. And if he doesn’t choose to testify, that’s fine, but he’s certainly free to testify in that case if he wishes to.
And the fact that he’s entered a plea in another case does not in any way mean that he doesn’t have the right to exercise his right to testify in 05-11741, if he wishes to do so. So based upon all of those things, the court’s going to deny the defendant’s motion to withdraw his plea in 05-1749.
We agree with and fully adopt the trial court’s explanation for denying Jean-Marie’s motion to withdraw plea. The trial *859 court did not abuse its discretion in denying the motion.

Affirmed.

STONE and FARMER, JJ., concur.